## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA - MIAMI DIVISION

## CASE NO. 23-CV-24236-BB

| | |
|---|---|
| JANE DOE, individually, | ) JURY TRIAL DEMANDED |
| | ) |
| Plaintiff, | ) CIVIL ACTION. |
| v. | ) |
| | ) **ELECTRONICALLY** |
| NORWEGIAN CRUISE LINES, LTD, a | ) **FILED** |
| Bermuda Company; NORWEGIAN CRUISE | ) |
| LINE, doing business in Florida; KHALED | ) |
| MOHAMMED KHALED, an individual; | ) |
| ALMIGHTY PROTECTION SERVICES; | ) |
| JOHN ROE, an individual, and ROES 1 to | ) |
| 50, Inclusive, | ) |
| | ) |
| Defendants. | ) |

---

## SECOND AMENDED COMPLAINT WITH JURY DEMAND

---

Comes Jane Doe ("Plaintiff") for her  Second Amended Complaint against

the Defendant, Norwegian Cruise Lines, LTD, Norwegian Cruises Line, Khaled

Mohammed Khaled, Almighty Protection Services, John Roe and defendants

unknown at this time:

1

## **PARTIES**

1.   Plaintiff is an adult female resident of California who is suing under a fictitious name to proceed anonymously for the protection of her privacy rights due to the lurid and emotionally damaging facts in this First Amended Complaint.

2.   Norwegian Cruise Lines, LTD ("Norwegian") is a Bermuda Company that operates a cruise line business that travels in and out of ports located in Miami, Florida.

3.   Norwegian Cruise Line ("NCL") is a business doing business in Florida operating a cruise line business that travels in and out of ports located in Miami, Florida.

4.   Khaled Mohammed Khaled ("DJ Khaled") is an individual who promoted participation in the cruise event held on July 2, 2023 through July 5, 2023.  DJ Khaled promoted the fun and enjoyment of the cruise.

5.   Almighty Protection Services ("APS") is a business providing security service and provided security services for the cruise event held on July 2, 2023 through July 5, 2023.

6.   John Roe was an employee of Norwegian and/or APS providing security services and at all pertinent times provided security services for the cruise event held on July 2, 2023 through July 5, 2023 described in this First Amended Complaint.

2

## JURISDICTION AND VENUE

7.  The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal court as a result of diversity of parties where the parties included a resident of California filing this action against a foreign company and a domestic company, doing business in and carrying on their regular business in Miami, Florida and an individual working in and employed in Miami, Florida.

8.  The jurisdiction of this Court is further invoked to secure protection and redress deprivation of rights guaranteed by federal court to United States citizens as a result of maritime tort injuries  arising out of negligent acts within admiralty jurisdiction for:  (1) the commission or consummation of the act that gives rise to the claim that occurs on navigable waters; and (2) the tort bears a significant relationship to traditional maritime activity.

9.  The amount of controversy in this action exceeds the jurisdictional limits of this Court.

## GENERAL FACTUAL ALLEGATIONS

10.  At all relevant times Norwegian and/or NCL managed and operated a cruise that embarked and returned out of a port located in Miami Florida and that took place over the weekend July 2, 2023 to July 5, 2023 advertised as the Days of Summer Cruise Fest (the "Summer Cruise Fest").

11.  Promotions used for the Summer Cruise Fest featured DJ Khaled and advertised a fun and entertaining cruise.  The advertisements for the Summer Cruise Fest promoted by DJ Khaled were provided by CO Cruise, LLC and encouraged customers to join the safe, fun and entertaining cruise.  Promotions by DJ Khaled encouraged Plaintiff and others to attend the Summer Cruise Fest.

12. APS was a company hired to provide security services for the Summer Cruise Fest.  Employees of APS dressed in security attire to indicate to all attendees of the Summer Cruise Fest the presence of security for the safety of the attendees and musicians.  The visible presence of security at the events of Summer Cruise Fest made served as an attempt to make attendees comfort and at ease and encourage their safe and orderly enjoyment at the event.

13.  At all relevant times John Roe was employed by or an agent of APS providing security services for the Summer Cruise Fest.  During the Summer Cruise Fest John Roe was acting within the course and scope of his employment or agency and dressed in the attire as a member of security for the Summer Cruise Fest.  Through the respondeat superior employment relationship with John Roe, APS, Norwegian and/or NCL were responsible for the actions of John Roe during the Summer Cruise Fest.

14.  APS, Norwegian and/or NCL failed to provide adequate security, training and supervision to prevent sexual assault to passengers attending the Summer Cruise Fest or its cruise line.

4

15.   On or about January 28, 2023, Plaintiff purchased a ticket for the Summer Cruise Fest which included travel on The Norwegian Sky for the Summer Cruise Fest for the dates July 2, 2023 through July 5, 2023.  Plaintiff was assigned to cabin number 0334 on the port side of the ship.

16.   At the time of the online purchase of the ticket for attendance at the Summer Cruise Fest, Plaintiff made the registration choice to inform Norwegian and/or NCL about a disability.

17.   The Summer Cruise Fest was advertised and promoted by Norwegian, NCL and DJ Khaled as a party with lots of drinking, fun, live music performances, comedy shows, multiple pool and other themed parties.  All promotions encouraged the attendance of all for a safe and fun music party during a cruise experience.

18.   Plaintiff booked the trip for her thirty-third birthday weekend.  The promotions by reputable acts, such as DJ Khaled, and a well known cruise line influenced Plaintiff's decision to attend the Summer Cruise Fest.

19.   On July 3, 2023 Plaintiff attended the performance by Young Jeezy near the pool deck and then attended the Hip-Hop Comedy Show around 9:30 p.m. Plaintiff had been drinking throughout the day on July 3, 2023 with very little food.

20.   Upon leaving the Hip-Hop Comedy Show Plaintiff was feeling very intoxicated and became lost and confused on her way to find her cabin.  Plaintiff was dressed only in her swimsuit.

21.   While  walking to find her cabin, Plaintiff was approached by a large security guard, John Roe, who asked if she needed help to get to her room. Plaintiff admitted to being intoxicated from drinking too much and lost.

22.   John Roe said he would her help Plaintiff and escort her to her cabin. John Roe led Plaintiff to a cabin which was not cabin 0334 and Plaintiff realized after she was led into the cabin by John Roe.

23.   Once in the unfamiliar cabin, John Roe began to touch Plaintiff's body. Plaintiff tried to get away from John Roe but John Roe used his size and strength to prevent Plaintiff from getting away.

24.   Against Plaintiff's will, John Roe forced a kiss on Plaintiff and then forced Plaintiff to her knees.  Once on her knees John Roe put his penis in Plaintiff's face and demanded that she suck it.  John Roe forced Plaintiff's head to his penis and penetrated Plaintiff's mouth with his penis.

25.   After John Roe forced penetration of his penis in Plaintiff's mouth he began to ejaculate on Plaintiff's face and chest which also stained her swimsuit.

26.   After John Roe ejaculated Plaintiff was able to get away from John Roe and run out the cabin door.

27.   After leaving the encounter with John Roe, Plaintiff was searching for her cabin, 0334, and crossed paths with a different security guard who assisted Plaintiff with finding her cabin.

28.   On July 4, 2023 Plaintiff contacted her friend and discussed the sexual assault Plaintiff suffered by John Roe.  Plaintiff also went to the ship security office and registered a complaint for sexual assault and further spoke to the boat police.

29.   Upon arrival back at the port located in Miami, Florida and after disembarking from the Norwegian ship, Plaintiff telephoned a local Miami police station and registered a complaint for sexual assault.

30.   When Plaintiff returned to California, she went to Highland Hospital in Oakland, California, and reported a sexual assault and received a related examination.

31.   Plaintiff also filed a police report in Oakland, California, related to the assault she suffered on the Norwegian ship by John Roe.

32.   Since her attendance at the Summer Cruise Fest which took place on the Norwegian and/or NCL ship, Plaintiff has been in psychological counseling and therapy for depression and anxiety resulting from the abuse she suffered from Defendants actions.

33.   Plaintiff continues to suffer from acute panic attacks and anxiety and deep depression from the assault she suffered on the Norwegian and/or NCL ship at the hands of John Roe and employee of APS.

34.   Upon information and belief, APS and Norwegian knew at least by July 5, 2023, if not earlier, that John Roe inappropriately touched and fondled cruise customers.

## COUNT I:  (Negligence)

35.   The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs above and further alleges as follows:

36.   The Summer Cruise Fest was promoted by Norwegian, DJ Khaled and/ or NCL as a safe and fun music party for all attendees held during a cruise experience.  The promotions advertising the Summer Cruise Fest induced music fans to attend the event.

37.   Norwegian and/or NCL owed a special duty of care to its passengers and was expected to use the highest care, vigilance and foresight to avoid harm to passengers attending the Summer Cruise Fest.

38.   At all relevant times Norwegian, APS, DJ Khaled and/or NCL owed Plaintiff a duty to exercise a degree of care, security and judgment expected of a reasonably competent cruise service provider in the passenger and entertainment services and prevent inappropriate sexual and physical contact suffered by attendees and passengers.

39.   Norwegian, NCL, APS and John Roe, through the employment respondeat superior relationship, were negligent and breached the accepted standards of care in the treatment of Plaintiff.  These breaches of the standard of

8

care include, but are not limited to, the following: 1) negligently failing to maintain the safety of cruise ship customers; 2) attempting to exploit the protective relationship with Plaintiff for personal gain; 3) inappropriately touching Plaintiff; 4) engaging in inappropriate abusive physical acts of intimacy with Plaintiff that went beyond what was necessary for the proper performance of service of care; 5) negligently and carelessly violating business and ethical boundaries; 6) failing to act as a protective chaperone while taking Plaintiff back to her cabin; and 7) being otherwise negligent and careless.

40. Norwegian, NCL, APS, DJ Khaled and John Roe were negligent and breached the accepted standards of care in the treatment of Plaintiff. These breaches of the standard of care include, but are not limited to, the following: 1) inducing customers to attend a music event for the fun and enjoyment that failed to provide necessary safety to music festival customers; 2) inducing customers to attend a music event for the fun and enjoyment then allowing the exploitation of the protective relationship with Plaintiff for personal gain; 3) inducing customers to attend a music event for the fun and enjoyment that improperly resulted in physical and emotional distress of Plaintiff; 4) inducing customers to attend a music event for the fun and enjoyment that resulted in actions that caused harm and resulted in danger to Plaintiff; 5) inducing customers to attend a music event for the fun and enjoyment that failed to provide safety for the protection of Plaintiff

and 6) inducing customers to attend a music event for the fun and enjoyment resulting in otherwise negligent and careless activities.

41.    Norwegian and NCL were negligent and breached the accepted high standard of care in the treatment of Plaintiff.  These breaches of the standard of care include, but are not limited to, the following: 1) inducing customers to become passengers of the Summer Cruise Fest and travel on the cruise ship and allowing them to suffer harm; 2) inducing customers to become passengers of the Summer Cruise Fest and travel on the cruise ship and allowing the exploitation of the protective relationship with Plaintiff for personal gain; 3) inducing customers to become passengers of the Summer Cruise Fest and travel on the cruise ship resulted in physical and emotional distress of Plaintiff; 4) inducing customers to become passengers of the Summer Cruise Fest and travel on the cruise ship that resulted in actions that caused harm and resulted in danger to Plaintiff; 5) inducing customers to become passengers of the Summer Cruise Fest and travel on the cruise ship that failed to provide safety for the protection of Plaintiff and 6) inducing customers to become passengers of the Summer Cruise Fest and travel on the cruise ship and resulting in otherwise negligent and careless activities.

42.    As a direct and proximate result of the negligent, abusive and careless acts of John Roe, Plaintiff experienced pain, suffering, mental anguish, physical injury, unnecessary medical care and expenses, lost wages, lost future wages, loss of future earning capacity, and was otherwise injured and damaged.

WHEREFORE: Plaintiff claims monetary damages in excess of the concurrent jurisdiction of the District Court ($75,000.00) against Defendants, joint and several, in an amount to be determined at trial.  Plaintiff further seeks punitive damages to punish Defendants for the willful, wanton, oppressive, malicious, and/ or grossly negligent conduct.  Plaintiff further seeks costs, post judgment interest at the legal rate of ten percent (10%) per annum from the date of judgment, and for any further relief that this Honorable Court determines necessary and appropriate.

## COUNT II:  (Assault and Battery)

43.   The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs above and further alleges as follows:

44.   Norwegian and/or NCL owed a special duty of care to its passengers and was expected to use the highest care, vigilance and foresight to avoid harm to passengers attending the Summer Cruise Fest.

45.   The conduct and actions of John Roe including the sexual assault and battery of Plaintiff constitutes an intentional and offensive touching of Plaintiff to which Plaintiff did not consent.

46.   At all times during the bad acts of John Roe committed against Plaintiff, John Roe represented himself as an employee or agent of APS, Norwegian and/or NCL.

47.   At all times while attending Summer Cruise Fest Plaintiff understood the security provided at each event to have been provided by Defendants for the protection and security of Plaintiff, musicians and other event attendees.

48.   The conduct and actions of APS, Norwegian and/or NCL acting by and through its employee and/or agents, including, but not limited to, John Roe was neither warranted nor justifiable.

49.   The intentional, nonconsensual touching of Plaintiff by John Roe was highly offensive to Plaintiff's reasonable sense of dignity.

50.   The intentional, nonconsensual touching of Plaintiff by APS, Norwegian and/or NCL acting by and through its employee and/or agents, including, but not limited to, John Roe, was highly offensive to Plaintiff's reasonable sense of dignity.

51.   As a direct and proximate result of the intentional acts of John Roe, Plaintiff experienced pain, suffering, mental anguish, physical injury, unnecessary medical care and expenses, lost wages, lost future wages, loss of future earning capacity, and was otherwise injured and damaged.

WHEREFORE: Plaintiff claims monetary damages in excess of the concurrent jurisdiction of the District Court ($75,000.00) against Defendants, joint and several, in an amount to be determined at trial.  Plaintiff further seeks punitive damages to punish Defendants for the willful, wanton, oppressive, malicious, and/or grossly negligent conduct.  Plaintiff further seeks costs, post judgment interest at

the legal rate of ten percent (10%) per annum from the date of judgment, and for any further relief that this Honorable Court determines necessary and appropriate.

## COUNT III:  (Negligent Hiring, Supervision - APS, Norwegian, NCL)

52.   The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs above and further alleges as follows:

53.   As of July 5, 2023, APS, Norwegian and/or NCL knew or reasonably should have known of John Roe's propensities to sexually batter, threaten, harm, assault, and otherwise mentally, physically, and emotionally injure female customer.

54.   APS, Norwegian and/or NCL had a duty of care to Plaintiff, as well as to other female customers when hiring, retaining, supervising, and evaluating its prospective employees, including John Roe, to timely, adequately, and appropriately investigate, heed, and act on all reasonable suggestions and information that John Roe had the propensity to, and/or had actually, inappropriately touched female customers in the course and scope of his employment for APS, Norwegian and/or NCL.

55.   APS, Norwegian and/or NCL had a duty of care to Plaintiff, as well as to other female customers, to prohibit John Roe from privately interacting with Plaintiff as well as with other female customers, given John Roe's propensity to

sexually batter, threaten,  assault, negligently harm and otherwise mentally, physically, and emotionally injure female customers.

56.   John Roe used his position of authority as a position as an APS, Norwegian and/or NCL security guard to gain access to vulnerable female customers and to assault and commit sexual battery and/or commit negligent harm to and against Plaintiff and other women.

57.   APS, Norwegian and/or NCL had a duty of care to Plaintiff, as well as to other female customers, to protect Plaintiff and its female customers and to otherwise ensure the safety of its female attendees, including Plaintiff, from being assaulted and battered and/or negligently harmed by Norwegian's and/or NCL's employees and/or agents, including John Roe.

58.   Assaults and sexual batteries and negligent harm of the sort suffered by Plaintiff were entirely preventable had Norwegian timely, adequately, and appropriately investigated the complaints made regarding John Roe inappropriate contact with other attendees prior to July 3, 2023 and intervened by prohibiting John Roe's continuing unfettered and unsupervised access to vulnerable female customers, including Plaintiff.

59.   APS, Norwegian and/or NCL and John Roe were negligent and breached the accepted standards of care in the treatment of Plaintiff.  These breaches of the standard of care include, but are not limited to, the following: 1) negligently failing to maintain the safety of cruise ship customers; 2) attempting to

exploit the protective relationship with Plaintiff for personal gain; 3) inappropriately touching Plaintiff; 4) engaging in inappropriate abusive physical acts of intimacy with Plaintiff that went beyond what was necessary for the proper performance of service of care; 5) negligently and carelessly violating business and ethical boundaries; 6) failing to act as a protective chaperone while taking Plaintiff back to her cabin; and 7) being otherwise negligent and careless.

60.   As the employer/principal responsible for the actions of its employees and/or agents including but not limited to John Roe; APS,  Norwegian's and/or NCL's negligent hiring, negligent retention and negligent supervision of John Roe was a proximate cause of the Plaintiff's pain, suffering, severe mental anguish, physical injury and expenses, lost wages, lost future wages, loss of future earning capacity, and other injuries and damages.

61.   WHEREFORE: Plaintiff claims monetary damages in excess of the concurrent jurisdiction of the District Court ($75,000.00) against Defendants, joint and several, in an amount to be determined at trial.  Plaintiff further seeks punitive damages to punish Defendants for the willful, wanton, oppressive, malicious, and/or grossly negligent conduct.  Plaintiff further seeks costs, post judgment interest at the legal rate of ten percent (10%) per annum from the date of judgment, and for any further relief that this Honorable Court determines necessary and appropriate.

## PLAINTIFF'S REQUEST FOR JURY TRIAL

Plaintiff, prays a trial by jury on all issues.

Dated:  January 29, 2024

Respectfully Submitted,

***/s/ Reginald D. Hicks, Esq.*** **(FL Bar No. 071464)**
Reginald D. Hicks, P.A.
633 S. Federal Hwy., Suite 200B
Fort Lauderdale, FL 33301
Telephone: 954-546-0013
Facsimile: 954-546-0014
legal@hicksmlg.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on 29th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to registered parties.

***/s/ Reginald D. Hicks, Esq.* (FL Bar No. 071464)**
Reginald D. Hicks, P.A.
633 S. Federal Hwy., Suite 200B
Fort Lauderdale, FL 33301
Telephone: 954-546-0013
Facsimile: 954-546-0014
legal@hicksmlg.com