UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE,

      Plaintiff,

v.

NORWEGIAN CRUISE LINES, LTD, a
Bermuda Company; NORWEGIAN CRUISE
LINE, doing business in Florida;
ALMIGHTY PROTECTION SERVICES;          Case No. 23-cv-24236-BB
JOHN ROE, an individual, and ROES 1 to
50, Inclusive,

      Defendants.

_____/

## DEFENDANT-INTERVENOR XO CRUISE, LLC
## MOTION TO INTERVENE

XO Cruise, LLC respectfully moves pursuant to Federal Rule of Civil Procedure 24 to intervene as a defendant in this action. Intervention is warranted as of right because XO Cruise cannot be fully represented or protected by defendant Norwegian Cruise Lines, Ltd. (NCL), and its interest will be impaired if XO Cruise is not permitted to intervene. *See* Fed. R. Civ. P. 24(a)(2), b(1)(B). XO Cruise, executed an agreement which fully indemnifies NCL against any claim, should be granted leave to intervene. Plaintiff's claims against NCL exclude XO Cruise and bring forth common questions of law and fact. Fed. R. Civ. P. 24(b)(1).

1

Before filing this Motion, counsel for XO Cruise conferred with counsel for all parties. Counsel for NCL have represented they consent to XO Cruise's intervention. Counsel for defendant, Almighty Protections Services, consents to the intervention. Counsel for the Plaintiff have represented they do not consent.

For the reasons discussed herein and in the accompanying Memorandum of Law, XO Cruise respectfully requests the Court grant its Motion to Intervene in this matter.

## MEMORANDUM OF LAW IN SUPPORT OF
## XO CRUISE, LLC'S MOTION TO INTERVENE

XO Cruise respectfully submits this Memorandum of Law in support of its Motion to Intervene in this action filed by plaintiff Jane Doe against defendants NCL, Almighty Protection Services, and John Roe. XO Cruise moves pursuant to Fed. R. Civ. P. 24(a)(2) to intervene as of right or alternatively, by permission, to intervene pursuant to Fed. R. Civ. P. 24b(1)(B).

### PRELIMINARY STATEMENT

Jane Doe, was a passenger aboard a NCL vessel during XO Cruise's Days of Summer Cruise Fest event. She alleges she was sexually assaulted by a security officer, who was employed by defendant Almighty Protection Services. XO Cruise holds an interest in and is entitled by right to intervene due to XO Cruise's contract with NCL's "Indemnification by Purchaser" clause which stipulates the following:

"In connection with its performance under this Agreement, [XO] shall defend, indemnify and hold harmless Norwegian, the vessels, shareholders, directors, officers, employees, crew members, agents, representatives, parent or affiliated companies, successors or assigns (the "Indemnitees"), from and against any and all actions, proceedings, liabilities, claims, losses, liens, damages, costs, expenses, attorneys' fees, demands, suits and judgments (collectively, the "Claims"), directly or indirectly resulting, in whole or in part, or relating in any way to: (i) [XO] or its agents' or subcontractors' negligence, recklessness, willful misconduct, or breach of any representation, warranty or other obligation under this Agreement; or (ii) any personal injury (including death)resulting in whole or in part, from [XO] or its agents' or subcontractors' negligence, recklessness, willful misconduct, or breach of any representation, warranty or other obligation under this Agreement. In the event of cancellation or default by [XO], [XO] shall defend, indemnify and hold harmless Norwegian and the Ship from and against any and all claims of passenger ticket holders and/or claims of those who may have tendered money to [XO] but have not yet received passenger tickets. Norwegian shall not be obligated to notify ticket holders that [XO] has terminated this Agreement, which obligation shall be solely [XO]'s responsibility."

XO Cruise essentially leased the entire vessel for its July 4th Hip-Hop festival. Defendants NCL, Almighty Protection Services (hereinafter APS), and John Roe do not speak for XO Cruise nor do these parties effectively represent the interests of XO Cruise.

## FACTUAL BACKGROUND

XO Cruise entered into an agreement with NCL to host the Days of Summer Cruise Fest (Summer Cruise Fest) aboard the Norwegian Sky cruise vessel on the weekend of July 2 to July 5, 2023. In the agreement, XO Cruise accepted full liability to defend, indemnify, and hold NCL harmless against all actions, proceedings, liabilities, claimes, losses, liens, damages, costs, expenses, attorneys'

fees, demands, suits and judgements arising from any personal injury resulting from XO Cruise or its agents' or subcontractors' negligence, recklessness, willful misconduct, or breach. In connection with the event, XO Cruise hired APS to manage security for the Summer Cruise Fest and provided NCL with promotions to advertise the XO Cruise Summer Cruise Fest.

Plaintiff filed suit against NCL, Mohammed Khaled (now dismissed), APS, and John Roe (the security guard), but intentionally failed to bring suit against XO Cruise despite the fact that Plaintiff's credit card receipt reflected "XO Cruise," not NCL as the vendor for her Summer Cruise Fest ticket.

## ARGUMENT

### I. XO Cruise Should Be Permitted to Intervene as of Right.

A court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). When considering a party's right to intervene under Rule 24(a)(2), "the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding." *Worlds v. Department of Health and Rehabilitative Serv.,* 929 F.2d 591, 594 (11th Cir.1991). Furthermore, a party has a right to intervene when a party's interest is "direct, substantial, [and] legally protectable."

*Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir.1989). XO Cruise meets the requirements for intervention as of right because XO Cruise remains the only party without any adequate representation, yet is financially liable should judgment be awarded against NCL. By virtue of the indemnity agreement, XO Cruise claims an interest in the transaction. NCL cannot adequately protect this interest, yet XO Cruise's interest is direct and legally protectable.

A.      **XO Cruise's Motion is Timely**

The timeliness of an application for intervention is evaluated by considering the length of time in which an applicant knew or reasonably should have known of their interest in the case, the extent of prejudice to the existing parties as a result of timely intervention, the extent of prejudice to the applicant if their motion is denied, and the existence of unusual circumstances militating either for or against a determination that their motion was timely. *Chiles*, at 1213. In *Chiles*, the court held that applicants were timely in filing their Motion to Intervene seven months after the plaintiff filed his complaint, three months after the government filed its motion to dismiss, and before any discovery had begun. The *Chiles* court also considered *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1125–26 (5th Cir. 1970), in which the court held a motion to intervene was timely even after a year, as the motion caused no delay to named parties and only discovery had been completed.

5

Here, this case is still at its earliest stages. The Plaintiff first filed her initial complaint on October 31, 2023, only nine months prior to the filing of this motion,which was dismissed. The Second Amended Complaint was filed on March 29, 2024, less than four months from this filing, well within the range discussed in *Chiles*.

There was no legal necessity for XO Cruise to file a Motion to Intervene prior to now, because NCL's Motion to Dismiss Plaintiff's initial complaint was granted. Had NCL been dismissed, the indemnity clause that holds XO Cruise liable would not have been triggered. NCL's Motion to Dismiss Plaintiff's Second Amended Complaint is still pending. In an abundance of caution, XO Cruise moves to intervene now. Despite that the Motion to Dismiss the Second Amended Complaint is still pending, the parties are beginning to engage in discovery to comply with the Court's scheduling deadlines. The Court has previously entered an order rescheduling the mediation conference to August 29, 2024.

Moving to intervene now is timely because no witnesses or parties have been deposed. Discovery is far from concluded. *See Chiles* at 1213. Plaintiff only recently produced in excess of 8000 pages of medical records which will require months to adequately  review with the assistance of a medical expert. No factual or legal issues have been litigated. The parties will not be prejudiced by XO Cruise's

timely intervention, however, XO Cruise will suffer irreparable prejudice if not permitted to intervene.

### B. Intervention in this Case is Necessary to Protect XO's Interest.

There must be an analysis of whether the existing parties to the lawsuit adequately represent XO Cruise's interests. *Sierra Club,* 488 F.3d 910 (11th Cir. 2007). Only where an applicant's claims are duplicative to the interests already presented by a named party, the applicant's interests are considered inadequately represented, and they have no right to intervene. In *Chiles,* the court held that homeowners were not entitled to intervene because their interest in preventing riots and escapes from a nearby detention facility were adequately represented by the named party. *Chiles* at 1215.

By virtue of NCL's indemnification, XO Cruise will be held financially liable should the outcome of this action result in a judgment for the Plaintiff. This unusual circumstance leaves significant financial responsibility on XO Cruise. The legal representation of NCL is thus inadequate to represent the interest of XO Cruise because NCL does not and will not face the same financial incentive to defend the current action. XO Cruise is prohibited from participating in any defensive litigation strategy while still being held directly responsible for all attorney's fees and any judgment rendered in favor of the Plaintiff. XO Cruise cannot participate in any depositions, as it is not a party. Because NCL's

representation is inadequate to protect the interests of XO Cruise, it is both proper

and necessary for XO Cruise to exercise its right to intervene under Rule

24(b)(1)(B). More egregious would be a mediation participated in without XO

Cruise. NCL could agree to settle for a sum certain, without the participation or

even knowledge of XO Cruise, yet be held to reimburse NCL for every dollar

agreed to at the unrepresented mediation.

## **CONCLUSION**

XO Cruise, LLC has shown that it complies with all the requirements that

this Court must consider when evaluating a motion to intervene as of right or to

grant permissive intervention under Fed. R. Civ. P. 24(a) or (b). Therefore, XO

Cruise, LLC submits that the Court should grant this request for permission to

intervene thereby allowing it to safeguard its interests and rights with respect to the

indemnity clause set forth in its agreement with Norwegian Cruise Lines, Ltd.

Dated: July 24, 2024

Respectfully submitted,
By: /s/  Alan R. Soven.
ALAN R. SOVEN, ESQ
Florida Bar No.: 259421
**LAW OFFICES OF ALAN R.**
**SOVEN, P.A.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **July 24, 2024,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

By: */s/  Alan R. Soven.*
ALAN R. SOVEN, ESQ
**LAW OFFICES OF ALAN R. SOVEN, P.A.**
Florida Bar No.: 259421
1571 NW 13th Court
Miami, FL 33125
Tel: (305) 326-0330
Fax: (305) 325-0219
Email: alan@alansoven.com