UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24236-BLOOM/Torres

JANE DOE,

    Plaintiff,

v.

NORWEIGAN CRUISE LINES, LTD,
NORWEIGAN CRUISE LINE,
and JOHN ROE,

    Defendants.
_____/

## ORDER ON MOTION TO INTERVENE

**THIS CAUSE** is before the Court upon non-party XO Cruise, LLC's ("XO Cruise") Motion to Intervene ("Motion"), ECF No. [72]. Plaintiff Jane Doe filed a Response in Opposition, ECF No. [74].[1] For the reasons explained below, XO Cruise's Motion is granted.

**I. BACKGROUND**

XO Cruise represents it "entered into an agreement with NCL to host the Days of Summer Cruise Fest (Summer Cruise Fest) aboard the Norwegian Sky cruise vessel on the weekend of July 2 to July 5, 2023." ECF No. [72] at 3. This agreement includes an indemnity clause, which obligates XO Cruise "to defend, indemnify, and hold NCL harmless against all actions, proceedings, liabilities, claim[]s, losses, liens, damages, costs, expenses, attorneys' fees, demands, suits and judgments arising from any personal injury resulting from XO Cruise or its agents' … negligence, recklessness, willful misconduct, or breach."[2] *Id.* at 3-4. XO Cruise further explains it

---

[1] XO Cruise's Motion represents Defendant Norwegian Cruise Lines, Ltd. ("NCL") consents to its intervention.

[2] XO Cruise's Motion includes the relevant "Indemnification by Purchaser" clause. *See* ECF No. [72] at 3.

"hired APS to manage security for the Summer Cruise Fest and provided NCL with promotions to advertise" the festival. *Id.* at 4. XO Cruise accordingly seeks to intervene in this case as of right pursuant to Federal Rule of Civil Procedure 24.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides for intervention of right and permissive intervention. *See* Fed. R. Civ. P. 24. To intervene as of right, the moving party must meet four elements: (1) that the application to intervene is timely; (2) it has an interest in the subject of the action; (3) absent intervention, disposition of the action might as a practical matter impede or impair its ability to protect its interest; and (4) its interest is not adequately represented by the existing parties. *See Huff v. Comm'r of IRS*, 743 F.3d 790, 795-96 (11th Cir. 2014) (quoting *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008)); *see also* Fed. R. Civ. P. 24(a)(2).

Additionally, a court may permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." *Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) (citing Fed. R. Civ. P. 24(b)(2)). A party seeking permissive intervention accordingly "must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *In re da Costa Pinto*, No. 17-MC-22784, 2018 WL 6620905, at *5 (S.D. Fla. Aug. 27, 2018) (citation omitted). The decision to allow permissive intervention is discretionary and "may be reviewed only for a clear abuse of discretion." *Athens Lumber Co.*, 690 F.2d at 1367. When exercising its discretion to allow permissive intervention, "a district court 'can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion [to intervene].'" *In re da Costa Pinto*, 2018 WL 6620905, at *7 (alteration in original).

## III. DISCUSSION

To intervene as of right, XO Cruise accordingly must show (1) that the application to intervene is timely; (2) it has an interest in the subject of the action; (3) absent intervention, disposition of the action might as a practical matter impede or impair its ability to protect its interest; and (4) its interest is not adequately represented by the existing parties. *See Huff v. Comm'r of IRS*, 743 F.3d 790, 795-96 (11th Cir. 2014) (quoting *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008)); *see also* Fed. R. Civ. P. 24(a)(2). The Court's timeliness inquiry is guided by the following considerations:

> In determining whether the detainees' motion to intervene was timely, we must consider the length of time during which the detainees knew or reasonably should have known of their interest in the case before moving to intervene, the extent of prejudice to the existing parties as a result of the detainees' failure to move for intervention as soon as they knew or reasonably should have known of their interest, the extent of prejudice to the detainees if their motion is denied, and the existence of unusual circumstances militating either for or against a determination that their motion was timely.

*Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989) (citing *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir.1983)).

### A. Timeliness

XO Cruise contends its Motion is timely because this case is in its early stages. As XO Cruise observes, this Court previously granted NCL's initial motion to dismiss, *see* ECF No. [55], and a renewed motion to dismiss is currently pending. *See* ECF No. [62]. XO Cruise explains it moved to intervene out of "an abundance of caution[ ]" to ensure its interests are protected in the event NCL's motion to dismiss is denied. ECF No. [72] at 6. Plaintiff responds that the Motion should be denied because it will unnecessarily delay this case.

3

The Court finds XO Cruise's Motion is timely on this record. XO Cruise accurately observes *Chiles* found a motion to intervene was timely under similar circumstances. The court observed the intervenor's motion was filed "only seven months after [the plaintiff] filed his original complaint, three months after the government filed its motion to dismiss, and before any discovery had begun." 865 F.2d at 1213. *Chiles* also relied on a case that found a motion filed "more than a year after the action was commenced was timely [because] there had been no legally significant proceedings other than the completion of discovery and [the] motion would not cause any delay in the process of the overall litigation[.]" *Id.* (citing *Diaz v. Southern Drilling Corp.,* 427 F.2d 1118, 1125-26 (5th Cir. 1970), *cert. denied*, 400 U.S. 878 (1970)).

Here, Plaintiff filed her initial Complaint about nine months prior to the instant Motion, and filed her Second Amended Complaint less than four months before the Motion was filed. *See* ECF Nos. [1], [60]. Unlike *Chiles*, some discovery has begun. However, XO Cruise points out discovery is in its early stages—Plaintiff recently produced a considerable number of medical documents, and no depositions have been conducted. *See* ECF No. [72] at 6. XO Cruise also points out the instant Motion was filed within the range discussed in *Chiles*. Moreover, no legally significant proceedings have been completed. This case remains at the pleading stage of the proceedings, and discovery has only recently begun in earnest. Further, NCL consents to XO Cruise's intervention.

For her part, Plaintiff asserts the instant Motion "seeks a delay in the proceedings in order to accommodate catching up on initial motions and discovery matters." ECF No. [74] at 2. However, Plaintiff fails to articulate how she will be prejudiced by XO Cruise's intervention. The Court finds no basis to conclude discovery will be interrupted by XO Cruise's intervention or that the proceedings will otherwise be delayed. Conversely, XO Cruise contends it will be severely

4

prejudiced if it cannot appear in this case because it is obligated to indemnify NCL for any resulting liability. This is particularly the case considering XO Cruise is in the unusual position of having not been named as a party despite organizing the event that gave rise to this lawsuit. For those` reasons, the Court finds the Motion is timely on this record. The first factor therefore supports intervention as of right.

### B. Legally Protectible Interest

XO Cruise also satisfies the second and third factors. "Under Rule 24(a)(2), the [non-party's] intervention must be supported by a 'direct, substantial, legally protectible interest in the proceeding.' ... In essence, the [intervenors] must be at least ... real part[ies] in interest in the transaction which is the subject of the proceeding.'" *Chiles*, 865 F.2d at 1213-14 (quoting *Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1986) (cleaned up)); *see also Worlds v. Department of Health and Rehabilitative Serv.*, 929 F.2d 591, 594 (11th Cir. 1991) ("the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding.").

Here, XO Cruise argues it is a real party in interest "[b]y virtue of the indemnity agreement[]" between itself and NCL. ECF No. [72] at 4. XO Cruise accordingly argues it has a significant financial interest in the outcome of the litigation and cannot adequately protect its interest absent intervention. The Court agrees. XO Cruise's Motion represents that the indemnity agreement requires it to "defend, indemnify and hold harmless Norwegian … from and against any and all actions … claims, losses, liens, damages, costs, [and] expenses[.]" XO Cruise's interest is accordingly "direct, substantial, [and] legally protectable[.]" *Athens Lumber Co., Inc.*, 690 F.3d at 1366. Further, XO Cruise's obligation to defend and indemnity NCL makes clear its financial

interest in this case will be impaired absent intervention.[3] The Court accordingly finds the second and third factors support intervention.

### C. Adequacy of Representation

XO Cruise has also shown its interest is not adequately represented by the current Parties. XO Cruise argues NCL cannot adequately represent its interests "because NCL does not and will not face the same financial incentive to defend the current action." ECF No. [72] at 7. XO Cruise further observes its status as a non-party prohibits it from participating in any "defensive litigation strategy" or settlement discussions despite being financially liable for any judgment or settlement. *Id.* Plaintiff responds that XO Cruise fails to show its interests are distinct from NCL's. According to Plaintiff, XO Cruise and NCL's interests are identical because both seek to successfully defend against Plaintiff's claims.

Plaintiff accurately observes that a rebuttable presumption of adequate representation exists "when applicants for intervention seek to achieve the same objectives as an existing party in the case." *United States v. City of Miami*, 278 F.3d 1174 (11th Cir. 2002) (citing *Meek v. Metro. Dade County, Florida,* 985 F.2d 1471, 1477 (11th Cir. 1993); *Athens Lumber Co.*, 690 F.2d at 1366 (11th Cir. 1982)). Plaintiff contends intervention is unwarranted because XO Cruise fails to show its interests are distinct from NCL's interests. Plaintiff relies on *City of Miami* for support. In *City of Miami*, the Eleventh Circuit rejected the intervenor's arguments that its interests would be inadequately represented absent intervention. The court observed it was unable to discern any "difference between the objectives that the United States seeks to fulfill in this case and those of the MCPBA." *Id.* at 1179. The MCPBA, the intervenor, characterized its interest as concerning

---

[3] Plaintiff's assertion that XO Cruise "fails to then explain how it is a real party [in] interest and fails to make an argument supporting that proposition[ ]" is without merit. ECF No. [74] at 5. XO Cruise adequately explains that it has a real financial interest in the outcome of this litigation by virtue of its indemnity agreement with NCL. *See* ECF No. [72] at 2, 4-5.

the "upward mobility of blacks and females," while the United States's interest was ending "discrimination 'for all minorities.'" *Id.* However, the MCPBA neither claimed those interests are "mutually exclusive" nor argued the United States "has neglected or will neglect the needs of blacks and women." *Id.* The Eleventh Circuit accordingly affirmed the district court's finding that the United States adequately represented the plaintiffs, and intervention was therefore unwarranted.

Plaintiff argues intervention is unwarranted here because, as in *City of Miami*, XO Cruise and NCL's interests are not mutually exclusive. The Court is unpersuaded. First, the intervenor in *City of Miami* conceded its goals were near-identical to the United States' goals. *See id.* Second, XO Cruise *does* argue its goals differ from NCL such that NCL will neglect its interests. As discussed, XO Cruise argues its interests differ from NCL because XO Cruise is responsible for indemnifying NCL for any judgment or settlement. XO Cruise accordingly argues NCL has a greater incentive to settle this case and may consequently expend less resources defending against Plaintiff's claims. Moreover, NCL does not challenge XO Cruise's contentions. NCL instead consents to XO Cruise's intervention. The Court accordingly finds XO Cruise has demonstrated its interests are not adequately represented by NCL.

As the Eleventh Circuit instructs, "the inadequate representation requirement 'is satisfied if the [proposed intervenor] shows that representation of his interest "may be" inadequate' . . . [and] 'the burden of making that showing should be treated as minimal.'" *Chiles*, 865 F.2d at 1214-15 (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10)). The fact that XO Cruise's "interests are similar [to NCL's] does not mean that [their] approaches to litigation will be the same." *Id.* The Court concludes XO Cruise has sufficiently rebutted the presumption

Case No. 23-cv-24236-BLOOM/Torres

that NCL will adequately represent its interests. Accordingly, all four factors support permitting XO Cruise to intervene as of right.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that XO Cruise's Motion to Intervene, **ECF No. [72]**, is **GRANTED**. XO Cruise is permitted to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a).

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 20, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record